UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES I. WYNN, SR.,

                            Plaintiff,                      22-CV-6355 (CJS)

vs

JUDGE DAVID G. LARIMER and
JUDGE PAUL R. WARREN,                        DECISION and ORDER

                           Defendants.
_____

INTRODUCTION

On August 22, 2022, James I. Wynn, Sr. ("Plaintiff"), proceeding *pro se*, filed the subject action and paid the filing fee. The Complaint alleges that Defendants, the Honorable David G. Larimer, Senior United States District Judge, and the Honorable Paul R. Warren, United States Bankruptcy Judge, conspired to violate Plaintiff's civil rights by effecting an illegal[1] and fraudulent foreclosure on a parcel of real estate owned by him. The action is dismissed *sua sponte* since the factual allegations in the Complaint are frivolous, and since Plaintiff is barred from suing either Judge Larimer or Judge Warren by the doctrine of absolute judicial immunity in any event.

BACKGROUND

The following facts are taken from the Complaint and are assumed to be true only for purposes of this Order. Since Plaintiff is proceeding *pro se*, the Court has liberally construed the Complaint to raise the strongest arguments that it suggests. This action pertains to real property located at 3840 Lake Avenue in Rochester, New York, which was formerly owned by Plaintiff, but was sold at a foreclosure sale on April 11, 2022. In or about 2013, Plaintiff's

---

[1] Plaintiff alleges that the foreclosure was "illegal" because he was protected by a bankruptcy stay.

mortgage lender commenced a foreclosure action, alleging that Plaintiff owed approximately $55,000.00 in unpaid property taxes and interest for the property.  Because of that, Plaintiff was considering filing a Chapter 13 Bankruptcy action, and had retained an attorney, William Rieth ("Rieth"), for that purpose.  Alternatively, Plaintiff was also considering taking out another mortgage loan to pay the debt, and mentioned to Rieth that he had applied for a loan from a particular lender.  However, Plaintiff was not granted the loan, and he suspects that Rieth influenced the lender not to approve the loan.  In that regard, Plaintiff, who is black, speculates that Rieth was motivated by racial animus and a desire to obtain Plaintiff's property for himself.  Plaintiff then filed a Chapter 13 bankruptcy petition, but maintains that Rieth "intentionally sabotaged [his] bankruptcy plan so [that he] would lose everything that [he] owned."  Plaintiff alleges that while the bankruptcy action was pending, he attempted to sell his real estate, and had received purchase offers, but Judges Warren and Larimer "refused to allow [him] to sell the properties because it would expose the racist thing that William Rieth had done."  Plaintiff specifically contends that Judge Larimer issued an Order preventing him from selling the property.  Plaintiff further maintains that Judge Warren improperly converted his Chapter 13 bankruptcy to a Chapter 7 bankruptcy,[2] "to cover up for the biased discriminating [by] William Rieth."  Finally, Plaintiff asserts that Judges Larimer and Warren conspired to have his property sold at the foreclosure sale in April 2022.  The Complaint demands damages of six million dollars "from the Federal Government for the damages caused by Judge Warren and Judge Larimer."

## DISCUSSION

Federal District Courts do not generally conduct *sua sponte* reviews of actions in which the plaintiff has paid the filing fee. Nevertheless,

> [a] district court has inherent authority to dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee.

---

[2] *See*, Plaintiff's Chapter 7 proceeding, *In re Wynn*, 13-20304, W.D.N.Y.

* * *

> An action is considered "frivolous" when: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.

*Hariprasad v. New York*, 722 F. App'x 102, (Mem)–103 (2d Cir. May 17, 2018) (citations and internal quotation marks omitted). "*Pro se* submissions are reviewed with special solicitude, and must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Id*. (citation and internal quotation marks omitted).

Here, Plaintiff's factual allegations concerning the alleged conspiracy involving Judges Larimer and Warren are so conclusory, paranoid and implausible as to be "clearly baseless" and "frivolous." *See, e.g.*, Verified Complaint, ECF No. 1-2 at ¶ 12 ("[T]he Bankruptcy Docket and the District Court Docket will also tell you what happened in this case.  Plaintiff learned fast that this was not about taxes.  It was more about racial discrimination and taking away everything you could from this black elderly man."); *see also*, *id*. at ¶ 16 ("Judge Warren and Judge Larimer made sure they used their authority as a judge to not expose a racist individual."); ¶ 22 ("I felt Judge Larimer and Judge Warren had a lot to do with Plaintiff not getting honest legal representation."); ¶ 23 ("If I had to guess, I would say Judge Warren, William Rieth, George Rieber and Judge Larimer had something to do with John Warner not representing me."); ¶ 25 ("Gerda B. Cassara foreclose[ed] on my property at 3840 Lake Avenue. . . .  Only Judge Larimer and Judge Warren could get the Court and City of Rochester and others to falsify their records to go along with a criminal act such as this."); ¶ 28 ("Plaintiff is not surprised that Gerda Cassara would conspire with Judge Warren and Judge Larimer and pull an illegal criminal stunt such as this because even though her mother was a wonderful lady, Gerda Cassara is a racist biased discriminating back-stabbing lady."); ¶ 30 ("The fact remains that even though Judge Warren has signed the Chapter 7 Discharge on November 26, 2019, it was also meant to be a trap for the Plaintiff to force Plaintiff back into bankruptcy . . . .   How is Judge Warren being a judge in bankruptcy court conspiring with

others to violate the same statutes he swore to uphold?  This is like the fox guarding the hen house."). For that reason alone, the action may be dismissed. *See, Li v. Dillon*, No. 21-1997-CV, 2022 WL 2661998, at *1 (2d Cir. July 11, 2022) ("It is unnecessary to examine the question of whether the Justices are entitled to immunity from suit because the factual contention at the heart of Li's complaint is frivolous on its face.").

Besides that, Judges Larimer and Warren have absolute judicial immunity from suit, since Plaintiff is suing them for actions they allegedly took in their roles as judges presiding over his bankruptcy proceedings.  "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).  "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 210 (citations omitted).  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and, "[a]ccordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991).  Judicial immunity does not apply in only two narrow circumstances:  (1) where the challenged actions were not taken in the judge's "judicial capacity"; and (2) where the judge acted "in the complete absence of all jurisdiction." *Id*., 502 U.S. at 11-12 (1991) (internal citations omitted).

Here, it is evident, both from the Complaint in this action and the record of Wynn's bankruptcy proceeding, that all the actions about which he complains were taken by Judges Larimer and Warren in their judicial capacities, in proceedings over which they had jurisdiction.  Plaintiff's Complaint does not suggest otherwise, but merely alleges that the judges acted with malice and bad faith, which is insufficient to overcome judicial immunity.

4

In addition, to the extent that plaintiff seeks damages from the United States Government, such claims are barred by sovereign immunity. *See, Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Under the doctrine of sovereign immunity, an action for damages will not lie against the United States absent consent.").

Ordinarily, a court will not dismiss a *pro se* complaint without giving the plaintiff a chance to amend. Here, however, the Court declines to do so since it does not appear Plaintiff could state a valid claim against Judge Larimer or Judge Warren. *See, Hariprasad v. New York*, 722 F. App'x at 103 ("Ordinarily, the district court should not dismiss a *pro se* plaintiff's complaint without granting leave to amend when a liberal reading of the complaint gives any indication that a valid claim might be stated. But, here, amendment would be futile, as there is no indication that Hariprasad might plead a valid claim[.]").

## CONCLUSION

The complaint in this action is dismissed, with prejudice, as being frivolous and barred by absolute judicial immunity. Although plaintiff paid the filing fee to commence this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of the Court is directed to close this action.

SO ORDERED.

DATED:   October 26, 2022
         Rochester, New York

                                        _____
                                        CHARLES J. SIRAGUSA
                                        United States District Judge